**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICARDO SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-2043 |
| | ) | |
| **SUNBEAM PRODUCTS, INC., d/b/a Jarden Consumer Solutions**, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

**(1) The Nature of the Case**

a. **Identify the attorneys of record for each party, including the lead trial attorneys**.

Representing Defendant Sunbeam Products Inc:

Steve T. Moffett (pro hac vice)
smoffett@moffettllc.com
Brent S. Moffett (pro hac vice)
bmoffett@moffettllc.com
**MOFFETT, PACKUS & SIMS**
255 E. Brown Street #340
Birmingham, MI 48009
248-646-5100

David J. O'Connell
doconnell@goldbergsegalla.com
Jennifer L. Rediehs
jrediehs@goldbergsegalla.com
**GOLDBERG SEGALLA**
222 West Adams Street, Suite 2250
Chicago, Il 60606
312-572-8410

Representing Plaintiff Ricardo Santiago:

Adam J. Levitt
Adam Prom

Brittany E. Hartwig
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900
Firm ID: 61428
alevitt@dicellolevitt.com
aprom@dicellolevitt.com
bhartwig@dicellolevitt.com

Kenneth P. Abbarno (*admission forthcoming, lead trial attorney*)
**DiCELLO LEVITT GUTZLER LLC**
The Western Reserve Law Building
7556 Mentor Ave.
Mentor, Ohio 44060
Tel.: 440-953-8888
kabbarno@dicellolevitt.com

b. **State the basis for federal jurisdiction**.

This case was removed from Cook County Circuit Court based on diversity jurisdiction pursuant to 28 U.S.C. 1332 & 1441.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought**.

Mr. Santiago alleges that while he was using an electric heated mattress pad, which was designed, manufactured, promoted, and sold by Defendant Sunbeam Products Inc., in a reasonably foreseeable manner and for its intended use, the defective mattress pad rose to dangerously hot temperatures and caused Mr. Santiago to suffer severe burns to one of his legs, resulting in permanent injuries. At this time, Mr. Santiago prays for: actual and compensatory damages in excess of $200,000; pre- and post-judgment interest as allowed by law; and any and all such further relief as this Court deems just and proper.

**(2) Pending Motions and Case Plan**:

a. **Identify any pending motions**.

At this time the parties do not have any pending motions.

b. **Submit a proposal for a discovery plan, including the following information**:

i. **The general type of discovery needed**;

The parties anticipate written discovery in the form of Interrogatories, not to exceed 25 inclusive of sub-parts pursuant to Rule 33(a)(1), Requests for Admission, and Requests to Produce. The parties anticipate fact witness depositions and expert witness discovery including exchanging of reports and depositions. Under the proposed schedule, the litigation timeline would be as follows:

- July 1, 2021 – Rule 26(a)(1) Initial Disclosures Due
- July 1, 2021 – Fact Discovery Opens
- February 1, 2022– Completion of Fact Discovery
- March 1, 2022 –Plaintiff's Rule 26(a)(2) Disclosures Due
- April 1, 2022 – Defendant's Rule 26(a)(2) Disclosures Due
- May 1, 2022 – Rebuttal Reports Due
- June 1, 2022 – Expert Deposition Deadline
- To be set by Court – Dispositive Motion Deadline

ii. **A date to issue written discovery**;

The parties agree that the period to issue written discovery shall commence on July 1, 2021 and must be completed by February 1, 2022.

iii. **If there will be expert discovery relevant to dispositive liability motions, an expert discovery completion date, including dates for the delivery of expert reports**;

Plaintiff's Rule 26(a)(2) Disclosures and any accompanying reports will be due March 1, 2022. Defendant's Rule 26(a)(2) Disclosures and any accompanying reports will be due April 1, 2022. Rebuttal reports will be due May 1, 2022. The deadline for expert depositions and the expert discovery deadline will be June 1, 2022.

iv. **A liability discovery completion date**;

Liability is a central issue in this case, and as such the parties anticipate using the full time requested for fact and expert discovery to determine issues of liability; June 1, 2022.

v. **A deadline to amend pleadings**;

September 1, 2021.

vi. **Scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial. The parties may suggest that expert discovery relevant to damages be scheduled sooner if they believe it is necessary. Generally, the time and expense of expert damage discovery should not be taken until any dispositive motions have been decided, to the parties agree that no such motions will be filed**.

The parties believe that in this case, expert discovery into damages should run concurrent with the discovery deadlines proposed above. The parties will work to schedule any depositions relating to damages in a timely manner consistent with the fact and expert discovery deadlines proposed above.

vii. **A deadline for filing summary judgment motions should** not **be included. The Court will set that deadline in consultation with the parties after the close of discovery**.

viii. **The Court generally approves parties' jointly proposed discovery plans, because the Court trusts that the parties will devise a schedule that both moves the case forward in an efficient manner and takes into account the parties' and counsel's other obligations. Since the Court will be generous in this regard, the Court will be reluctant to grant any extensions of this schedule**.

**c. E-Discovery**

**i. Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately; and**

ii. **Indicate whether the parties anticipate any electronic discovery disputes**.

The parties expect that discovery will encompass electronically stored information and will specifically request such electronic information in discovery requests. The parties have the ability to utilize electronic file sharing programs for document productions, and do not anticipate any electronic discovery disputes.

d. **Indicate whether a jury trial is requested and the probable length of trial**.

The parties request a jury trial and estimate the length of trial to be 5-7 days.

**(3) Consent to Proceed Before a Magistrate Judge**

a. **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial**.

The parties do not consent unanimously to a Magistrate Judge.

**(4) Status of Settlement Discussions**

a. **Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference**.

The parties engaged in some preliminary settlement discussion before this case proceeded to litigation, but were unable to resolve the case.

b. **Whether the parties request a settlement conference before the Magistrate Judge assigned to the case**.

The parties are open to exploring possible resolution of this case with the aid of the Magistrate Judge but do not at this time request a settlement conference.

The parties conferred regarding this joint status report and have agreed to its contents.

/s/ Brent S. Moffett
Brent S. Moffett (pro hac vice)
bmoffett@moffettllc.com
Moffett, Packus & Sims
255 E. Brown Street #340
Birmingham, MI 48009
(248) 646-5100

DATED: June 9, 2021